UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| FULL CIRCLE INTERNATIONAL, INC. | ) ) ) ) ) | No.: |
| Plaintiff, | ) ) | **COMPLAINT** |
| v. | ) ) | |
| HYDE TOOLS, INC. | ) ) | |
| Defendant. | ) ) ) | |

## COMPLAINT

Plaintiff Full Circle International, Inc. ("Full Circle") for its Complaint against Hyde Tools, Inc. ("Hyde") alleges as follows:

## THE PARTIES

1. Full Circle is a Minnesota corporation with its principal place of business at 3860 County Road 40 NW, Garfield, Minnesota 56332.

2. On information and belief, Hyde is a Massachusetts corporation with its principal place of business located at 54 Eastford Road, Southbridge, Massachusetts 01550.

## JURISDICTION AND VENUE

3. This is a civil action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code Section 1 *et. seq*.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Hyde because it is incorporated in and

conducts substantial and continuous business in this District. Hyde offers products for sale in Massachusetts and is licensed to do business in this state. This Court has specific jurisdiction over Hyde because it has committed acts giving rise to this action and has established minimum contacts within this District such that the exercise of jurisdiction over Hyde would not offend traditional notions of fair play and justice.

6. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and 1400(b) because Hyde resides in and has a regular and established place of business in this District and the acts giving rise to the claims asserted herein occurred in this District.

## FULL CIRCLE AND THE PATENT-IN-SUIT

7. Full Circle is a privately owned company committed to developing and manufacturing innovative and high-quality drywall sanding systems and products. Full Circle products are designed and developed by industry professionals who understand that building a successful business requires moving quickly without sacrificing finishing results. Full Circle's product offerings include, among other things, innovative products which allow for attachment to vacuums to create "dust free sanding systems" that immediately collect dust and sediment from surfaces as those surfaces are sanded.

8. Full Circle's innovative products are subject to significant industry acclaim and awards. Among other things, Full Circle's Radius 360 product received the Handyman Club of America Tested & Recommended Seal of Approval. Full Circle's Radius 360 product also won the Sherwin Williams 2007 Product of the Year Award. Full Circle also received the Sherwin Williams Partner of the Year Award in 2019.

9. Full Circle has taken significant steps to protect its innovative products. As a part of that effort, Full Circle has obtained several United States patents covering various products that

Full Circle manufactures and sells.

10. On April 19, 2011, the United States Patent and Trademark Office (the "PTO") issued Patent No. 7,927,192 B2, entitled "Tool For Working on a Surface" (the "192 Patent"). The inventor of this patent is Kent Annis, owner and president of Full Circle. A true and correct copy of the '192 Patent is attached hereto as **Exhibit A**.

11. Full Circle is the owner by assignment of all rights, title and interest to and in the '192 Patent.

## HYDE AND THE INFRINGING PRODUCT

12. Hyde is a tool manufacturer and supplier with a number of different product lines, including drywall tools, flooring tools, knives and blades, paint applicators, and related accessories. Hyde currently offers a number of "Dust-Free Sander" products in competition with the products designed, manufactured, and sold by Full Circle.

13. One of Hyde's products is the "9-Inch Dust-Free Round Sander with Vacuum Attachment" (the "Infringing Dust-Free Sander"). This product is currently available directly online through Hyde's website and through Amazon. In addition, upon information and belief, Hyde sells the Infringing Dust-Free Sander through brick-and-mortar retailers such as Home Depot. True and correct copies of printouts of Hyde's offerings through its website and through Amazon are attached hereto as **Exhibit B.**

14. Additionally, an image from the Hyde website depicting the Infringing Dust-Free Sander is shown below.



15. Upon information and belief, Hyde first began marketing and selling the Infringing Dust-Free Sander in or about June of 2023.

**FULL CIRCLE'S FORMAL NOTICE OF PATENT INFRINGEMENT TO HYDE**

16. On August 16, 2023, Full Circle provided Hyde with formal notice of the '192 Patent via a letter from Full Circle's counsel. Full Circle specifically included a claim chart demonstrating that Hyde's product "infringes at least claim 1 of the '192 Patent." A true and correct copy of the August 16, 2023 letter and enclosed claim chart is attached hereto as **Exhibit C.**

17. On October 10, 2023, Hyde responded by letter from counsel. Hyde conclusorily claimed that it was not infringing the '192 Patent, and that the Patent was invalid. However, Hyde failed to provide any meaningful analysis or authority on either issue. A true and correct copy of the October 10, 2023 letter is attached hereto as **Exhibit D**.

18. Full Circle's counsel sent another letter on October 24, 2023 advising Hyde that, given the lack of a meaningful basis to deny infringement or establish invalidity, Full Circle would consider ongoing infringement to constitute willful infringement entitling it to enhanced damages under 35 U.S.C. §284. A true and correct copy of the October 24, 2023 letter is attached hereto as **Exhibit E**.

19. The parties exchanged additional correspondence through attorneys, but Hyde has thus far refused to cease manufacturing and selling the Infringing Dust-Free Sander.

## COUNT I
### (Infringement of the '192 Patent)

20. Full Circle realleges and incorporates herein the allegations set forth in Paragraphs 1-19.

21. Hyde has directly infringed at least claims 1-8 of the '192 Patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States and/or importing into the United States, without authority, products that infringe such claims, including the Infringing Dust-Free Sander.

22. Hyde has also contributed to and induced infringement of the '192 Patent by knowingly supplying infringing products to customers. Hyde's customers who purchased products from and/or used products in accordance with Hyde's instructions directly infringe one or more claims of the '192 Patent.

23. Hyde has had actual and constructive notice of the '192 Patent; Hyde has been and is aware of its infringement of the '192 patent; and Hyde's infringement of the '192 Patent has been and continues to be willful.

24. Full Circle has suffered damages as a result of Hyde's infringement of the '192

Patent. In addition, Full Circle will continue to suffer irreparable harm unless this Court enjoins Hyde from infringing the '192 Patent.

25. Hyde's infringement of the '192 Patent is willful and deliberate, entitling Full Circle to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

For the above reasons, Full Circle respectfully requests that this Court grant the following relief in its favor and against Hyde:

(a) Judgment in favor of Full Circle that Hyde has infringed (either literally or under the doctrine of equivalents) one or more claims of the '192 Patent;

(b) A permanent injunction enjoining Hyde and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with it, from infringing the '192 Patent;

(c) Judgment requiring Hyde to pay Full Circle its damages, costs, expenses, and pre-judgment and post-judgment interest for Hyde's infringement of the '192 Patent;

(d) A judgment that this case is exceptional, and an award of treble damages and attorneys' fees and costs incurred by Full Circle, pursuant to 35 U.S.C. § 285; and

(e) Any and all such further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Full Circle demands a trial by jury of this action.

Dated:  June 27, 2024                               Respectfully submitted,

BURNS & LEVINSON LLP,

By: */s/ Michael A. DeIulis*
Michael A. DeIulis (BBO# 691495)
BURNS & LEVINSON LLP
125 High Street
Boston, MA 02110
Telephone: (617) 345-3000
Facsimile: (617) 345-3299
mdeiulis@burnslev.com

WINTHROP & WEINSTINE, P.A.

Brent A. Lorentz, #0386865
(*pro hac vice motion to be filed*)
WINTHROP & WEINSTINE
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 604-6400
Facsimile: (612) 604-6800
blorentz@winthrop.com

*ATTORNEYS FOR PLAINTIFF*
*FULL CIRCLE INTERNATIONAL, INC.*

28722421v1